# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

ANIBAL HERNANDEZ                                        PETITIONER

VERSUS                               CIVIL ACTION NO. 1:09-cv-383-HSO-JMR

MIKE BYRD                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner filed his Petition for habeas corpus relief and application to proceed *in forma pauperis* on June 23, 2009. On July 13, 2009, the Court entered an Order [4] denying Petitioner's motion to proceed *in forma pauperis*. Petitioner was directed to pay the required $5.00 filing fee within twenty days. The Order [4] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order may lead to the dismissal of his Petition. Petitioner failed to comply with this Order.

On August 31, 2009, the Court entered an Order [6] directing Petitioner to show cause, within fifteen days, why this case should not be dismissed for his failure to timely comply with the Court's Order [4] of July 13, 2009. The Show Cause Order [6] warned Petitioner that failure to keep this Court informed of his current address or failure timely comply with the requirements of that Order [6] would lead to the dismissal of his Petition, without further notice. Petitioner has failed to comply with this Order.

Since Petitioner is an inmate proceeding *pro se*, a Final Show Cause Order [7] was entered on October 8, 2009. Petitioner was directed to show cause, within

fifteen days, why this case should not be dismissed for his failure to timely comply with the Court's Orders of July 13, 2009 [4], and August 31, 2009 [6]. This Final Show Cause Order [7] warned Petitioner that failure to keep this Court informed of his current address or failure timely comply with the requirements of the Order would lead to the dismissal of his Petition, without further notice. Petitioner has failed to comply with this Order. Petitioner has not complied with three Court Orders and he has not contacted this Court since July 14, 2009.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has not been called upon to respond to Petitioner's pleading, and has not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's

Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners,*
*LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006). A Final Judgment in
accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED**, this the 16th day of November, 2009.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE